The Honorable Dan Harmon Prosecuting Attorney Seventh Judicial District 102 South Main P.O. Drawer 999 Benton, AR 72015
Dear Mr. Harmon:
This is in response to your request for an opinion regarding representation of the Saline Memorial Hospital Board of Governors ("Board") by your office. Your specific question is as follows:
Can the hospital pay Saline County for the representation that my office will provide to the hospital?
It is my opinion, based upon the facts as I understand them, that the answer to this question is "yes," pursuant to the Boards power and duty with respect to the management, control, and operation of the hospital.
It is my understanding that the hospital currently has a contract with a private management company, and that your question pertains to representation of the Board and not the private company.
It is also my understanding that you will not, individually, receive compensation under this arrangement. Rather, payment will be made by the hospital to the county treasury to defray expenses incurred by your office as a result of this representation.
It should be noted, additionally, that Saline County does not, as I understand it, have an office of county civil attorney or a county attorney, as authorized in A.C.A. 16-21-114 (Repl. 1994).
I also assume that your offices representation of the Board is not contrary to any county ordinance.
The Boards authority to pay the County for this representation emanates, in my opinion, from its general power and duty to manage, control, and operate the hospital. See A.C.A. 14-263-101, -103, and -105 (1987). The following statement was made in Attorney General Opinion 86-537, which involved management of a county hospital under a lease arrangement:
The [Board of Governors] . . . appears to have the discretion to retain the funds received from the hospital operation and/or lease to use for managing, controlling and supervising the operation of the hospital. The Board would also have the discretion to report and pay settlements to the county treasurer if it is determined said sums were not required for its management, control or supervision of the hospital.
Op. Atty Gen. 86-537 at 2 (copy enclosed).
It is my opinion that, similarly, the Board has the authority to determine that payment into the county treasurer is, in fact, necessary or required for the operation of the hospital. The Board is vested with "discretion as to what policies and methods of operation shall be in the best interest of the hospital." A.C.A. 14-263-105(b) (1987). It is empowered to "prescribe any and all requirements and other matters pertaining to the operation of the hospital. . . ." Id. at subsection (c). These powers and duties reasonably encompass the discretion, generally, to determine that payment to the county for representation by the office of prosecuting attorney is "in the best interest of the hospital." Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:EAW/cyh
Enclosures
[*] Prosecuting attorneys in Division A Judicial Districts are, of course, prohibited from engaging in the private practice of law. A.C.A. 16-21-118(a) (Repl. 1994). The Seventh Judicial District is a Division A district. A.C.A. 16-21-127 (Repl. 1994).
[**] In those counties that have selected a "county civil attorney or county attorney" under this provision, all civil duties performed by the prosecuting attorney "shall be performed by the county attorney. . . ." A.C.A. 16-21-115(d).
[1] It is possible, although I have no information in this regard, that the responsibility for representing the Board has been placed on your office by local ordinance. See generally Op. Atty Gen. 94-067
(copy enclosed). Even in that instance, payment by the hospital to cover the resultant office expenses would not, in my opinion, be contrary to law. As noted in Opinion 94-067, there is no requirement in state law that the prosecuting attorney serve as general legal counsel for the county. This fact would serve to rebut any contention that amounts currently appropriated to the prosecuting attorneys office are intended to cover expenses incurred as a result of representing the Board.